IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL STINGLEY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 319 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF CHICAGO, et. al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION AND ORDER**

In light of what follows, it is important at the outset to stress that nothing in this Opinion is intended to reflect adversely on the skill or conduct of the exceedingly able counsel in the case.

The plaintiff's Motion to Compel Discovery Responses [#30] states that the City has not responded to its interrogatories and requests to produce, which were propounded on May, 28, 2009, and that the City has not responded to a written demand for compliance sent on September 9, 2009. But that is all the seven line motion says. There is no supporting memorandum of law, and the motion, itself, cites not a single case. Indeed, it does not even explain what the requests consist of or what the case is about. The motion is thus insufficient for the reasons explained at length in *Kyles v. J.K. Guardian Sec. Services*, 236 F.R.D. 400 (N.D.Ill. 2006) and *McWilliams v. McWilliams*, 2006 WL 3775952 (N.D.Ill. 2006) – which is cited on my website.

My Case Management Procedures, which are also on the website require that:

> All motions shall be supported by memorandum, not to exceed 15 pages (Local Rule 7.1), containing principled argument and relevant authority. Skeletal and unsupported arguments will not be considered. *See, White Eagle Co-opinion Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009). There is nothing novel about these principles. *See, e.g., Alexander v. City of South Bend*, 433 F.3d 550, 552 (7th Cir.2006); *Estate*

of *Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir.2005); *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir.2003)(Posner, J.).

The reason for these requirements are obvious. Skeletal presentations put the onus on the court to do the analysis that the Seventh Circuit has repeatedly said is the job of counsel, not the court. *See Asta, L.L.C. v. Telezygology, Inc.*, 629 F.Supp.2d 837, 847 (N.D.Ill. 2009)(collecting Seventh Circuit cases). *Kyles* put it this way:

> Underinclusive and skeletal presentations impermissibly shift the responsibility to the court to do the lawyer's work and to explicate the arguments that the briefs have left undeveloped. Apart from the fact that such presentations sap the time of judges, forcing parties with comprehensively briefed disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard, *cf. Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987), putting the onus on the court is a risky business. For it presupposes a judge who, in fact, understands the contours of the argument, and who won't resort to the rule that superficial, skeletal, and unsupported arguments will be deemed waived or forfeited. *See* n. 4, *supra*. Judges are not like pigs hunting for truffles, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991), and the Seventh Circuit has stressed time and again that it is not a judge's responsibility to research and construct the parties' arguments. *United States v. McLee*, 436 F.3d 751, 760 (7th Cir.2006). Indeed, to require that they do so is at odds with the fundamental premise of our adversarial system. *See United States v. Lanzotti*, 199 F.3d 954, 960 (7th Cir.1999). *See also* Brandeis, *The Living Law*, 10 Ill. L.Rev. 461, 470 (1916)(a "judge rarely performs his functions adequately unless the case before him is adequately presented."); *Adamson v. California*, 332 U.S. 46, 59 (1946) (Frankfurter, J., concurring)("the judicial process [is] at its best" only when there are "comprehensive briefs and powerful arguments on both sides....").

*Kyles*, 236 F.R.D. at 402.

The current motion does not comply with my Case Management procedures, nor does it comply with LR 37.2, which, is also referred to on my website, and which states that:

> this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were

2

unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

The purpose of the rule is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour *needlessly* spent on a dispute is an hour squandered. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem that the Seventh Circuit has repeatedly adverted to. *See, e.g., Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987).

No litigant, including the City of Chicago, has the right to disregard its opponent's letters or telephone calls and ignore for five months its own discovery obligations, as Mr. Stingley claims the City has done. All parties are equally obligated to participate fairly and cooperatively in discovery. *See* Rule 37, Federal Rules of Civil Procedure; *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416 (7th Cir. 2005); *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589 (7th Cir.1992); *Lorillard Tobacco v. Montrose Wholesale*, 2006 WL 2434031 (N.D.Ill.2006); *In re Sulfuric Acid Antitrust*

*Litigation*, 231 F.R.D. 331, 342 (N.D.Ill.2005)(collecting cases). To that end, the parties are ordered immediately to have a face- to- face (not by phone) Rule 37 conference. The parties will report on the results of that conference on 11/3/09 at 8:30 am.

Any further discovery motions will be decided against the backdrop of Judge Easterbrook's panel opinion in *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994): "'The great operative principle of Rule 37(a)(4) is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original).

The Motion to Compel [#30] is denied without prejudice.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/3/09

4